## Illinois Northern Utilities Company, Appellant, v. City of Oregon, Appellee.

### Gen. No. 6,060.   (Not to be reported in full.)

Appeal from the Circuit Court of Ogle county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 9, 1915.

### Statement of the Case.

By various conveyances the Illinois Northern Utilities Company acquired 107/110, the city of Oregon 2/110 and James Barden's estate 1/110 of a dam across the Rock River at the city of Oregon. In all of the deeds were numerous covenants and agreements for the repair and maintenance of the dam at a designated height and for dividing the expense thereof among the owners. The conveyances further provided that if any of the owners failed to repair damages

ʰSee Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

within ten days after notice from any other owner to do so, that any one owner might make the necessary repairs and charge to each owner his proportion of the expense.

In 1913 about one hundred feet of the dam went out, and repairs not being made, the city of Oregon notified the Illinois Northern Utilities Company to make them, and on default, the city let a contract therefor, when the company filed a bill to enjoin the work.

After a hearing of the cause the bill was dismissed for want of equity, from which the complainant appeals.

The appellant contended that the dam was exceedingly old, weak and full of holes, and that it could not be successfully repaired; that when the break was closed that much greater pressure would be put on other parts of the structure and that it would go out at some other point; that as the repairs would be useless it would be inequitable to put nearly all of the cost upon the complainant, and that if the matter be allowed to stand until financial conditions improved, it would build a new dam. There was evidence that an executive officer of the complainant company declared to officers of the city that the dam would not be rebuilt but that the company would let it be destroyed.

There was conflicting evidence given by expert witnesses, as to whether the dam could be successfully repaired. The city showed that it had previously made similar repairs which were successful.

HENRY S. DIXON and GEORGE C. DIXON, for appellant.

BERT S. DUZAN and W. J. EMERSON, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

INJUNCTION, § 62*—*when co-owner of dam restrained from making repairs.* An injunction to restrain one joint owner of a dam from making repairs at the expense of his co-owners, *held* properly denied, where the dam was acquired by several persons by conveyances permitting any one of them, on notice to the others, to make repairs and to charge the others with their proportion of the expense, especially when the evidence did not show but that the repairs would place the structure in a safe, serviceable condition.